388

James C. McDONALD, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

June 16, 1976.

Certiorari Denied by Supreme Court
Aug. 23, 1976.

Walker Gwinn, Memphis, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Joseph L. Patterson, Asst. Dist. Atty. Gen., Memphis, for defendant-in-error.

OPINION

DWYER, Judge.

The questions presented in this appeal by the Public Defender's Office of Shelby County from a conviction of murder in the second degree, T.C.A. 39–2403, with punishment of confinement for forty years go to the sufficiency of the evidence and the admission into evidence over objection the statement of the decedent. It is conceded that if the admission of the latter was proper, the evidence to support the conviction is sufficient.

The evidence accredited by the verdict of the jury reflects from our review that the plaintiff-in-error doused the decedent with kerosene and ignited that fluid on the early morning hours of April 21, 1974, at 205 Pauline, Apartment H, in the City of Memphis with resulting third degree burns to the body of decedent which ultimately resulted in his expiration on June 3, 1974.

The plaintiff-in-error did not testify but offered proof of his prior commitments to institutions because of his erratic mental behavior. There was rebuttal state proof by doctors that plaintiff-in-error was competent to stand trial.

The statement in question by the decedent was made to his sister and the attending doctor around noon on the event date naming the plaintiff-in-error as the one responsible for burning him. There was no error in allowing this statement into evidence over objection. The trial court held a full hearing on the matter out of the presence of the jury. At that hearing the doctor who treated him testified that in his opinion on the date in question the decedent's chances of recovery from the burns was nil; that when the plaintiff-in-error asked him about his condition, he told him that he was probably going to die; that for there to be any chance at all, he had to be

sent to the Brooke Army Hospital in San Antonio, Texas; that the decedent, Robert Earl Douglass, in response to the doctor's question as to who burned him, told him "Cat Daddy did it". The name "Cat Daddy" was an alias of the plaintiff-in-error. The sister of the decedent testified that she told her brother that he should not let someone kill him and get away with it. The decedent then told her it was "Cat Daddy", after he first stated that he did not know who had done it.

 We think the doctor's telling the decedent he was probably going to die created a circumstance from which a reasonable inference could be drawn that the decedent was aware that death was impending. *Anthony v. State,* 19 Tenn. 265 (1835); *Kilburn v. State,* Tenn.Cr.App., 509 S.W.2d 237, 239 (1973); *Beard v. State,* Tenn.Cr.App., 485 S.W.2d 882, 885 (1972). The fact that death did not occur until several weeks later is not controlling. *Crittendon v. State,* 157 Tenn. 403, 415, 8 S.W.2d 371 (1928); *Hawkins v. State,* 220 Tenn. 383, 417 S.W.2d 774, 777 (1967). The fact that the doctor held out some hope if he were transferred to the burn unit of Brooke Army Hospital is also not controlling. This assignment is overruled.

Coupled with the dying declaration there is testimony that the decedent was seen running down the stairway at the apartment completely engulfed in flames and screaming for help. Two men were seen running away from the scene as this was happening. The victim fell into a flower bed and was doused by a tub of water thrown on him by a neighbor. There was testimony that the burned man and the plaintiff-in-error had been together that day drinking beer on the porch; that the porch glider they had been sitting in was charred and pieces of flesh and clothing were adhering to the metal swing. The doctor testified that decedent received third degree burns (most severe that a body can tolerate) on the extremities, buttocks, penis, abdomen, back and neck of his body and the burn penetrated to the muscle fascia.

The statement by the decedent plus the circumstance that the plaintiff-in-error was in reality known as "Cat Daddy" and was placed at the scene earlier provide the evidence sufficient to sustain the verdict. The assignment being overruled, the judgment of the trial court is affirmed.

O'BRIEN and DAUGHTREY, JJ., concur.